UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM                          **Date:**  July 20, 2026

**Title:**       *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

==================================================================

Present:   The Honorable <u>Brianna Fuller Mircheff, United States Magistrate Judge</u>

|  | |
|:---:|:---:|
| <u>Christianna Howard</u> | <u>N/A</u> |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings:**     **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Rodolfo Jose Duran Martinez filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 9, 2026. (ECF 1.) For the reasons stated below, the Petition (ECF 1) is **granted**.

## I.     Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing center, within the Central District of California. (ECF 1 ("Pet.") ¶¶ 1-2.) He entered the United States in March 2022, together with his wife and children, seeking asylum. (Pet. ¶¶ 2-3; *see also* ECF 1-2 at 16-25 (application for asylum and withholding of removal).) He was apprehended, and was detained for three days before being released with conditions. (Pet. ¶ 3.) Two weeks after his release, ICE removed the ankle monitor and directed Petitioner to check-in using an app on his phone. (Pet. ¶ 3.)

In September 2022, Petitioner was issued an order of release on recognizance and directed to report to the Los Angeles field office. (Pet. ¶ 4.) He was not required to post bond and was not subject to electronic monitoring. (Pet. ¶ 4; ECF 1-2 at 2-6 (Order of Release on Recognizance).) He was also issued a Notice to Appear, which charged him with being present in the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM          **Date:** July 20, 2026

**Title:**      *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

==================================================================

States without being admitted or paroled. (Pet. ¶ 5.) Since his release, Petitioner has resided in Los Angeles and has complied with all conditions and reporting requirements of his release. (Pet. ¶ 6.)

In August 2023, Petitioner's wife was assaulted at knifepoint. (Pet. ¶ 14.) She subsequently applied for a U Visa based on her assistance with the investigation, and Petitioner was named as a derivative beneficiary on her application. (Pet. ¶ 14.) Petitioner alleges that he is a member of the class certified in *Immigration Center for Women & Children v. Noem*, Case No. 2:25-cv-09848-AB-AS. (Pet. ¶ 14; *see also* ECF 1-2 at 34-56 (Petitioner's wife's U Visa Application).)

Petitioner was apparently briefly detained by the Burbank Police Department in connection with a robbery investigation and then was let go. (ECF 9-1 ¶ 2.) No charges were filed. (ECF 9 at 2-3, ECF 9-1 at 2-5.)[1] He was then detained by ICE on May 21, 2026, without prior notice or any pre-deprivation process. (Pet. ¶ 8.) He filed this Petition on July 9, 2025, alleging, among other things, a violation of his procedural due process rights. (Pet. ¶¶ 67-72.)

---

[1] Respondents claim, in one place, that Petitioner was charged with grand theft; in another they claim he was arrested for that offense. (ECF 8 (Answer) at 2.) The only evidence they supply is the I-213, which states that grand theft charges are pending—or were, as of May 21, 2026. (ECF 8-1 at 2.) The Court finds persuasive Petitioner's claim that he was not charged, only briefly arrested. Petitioner attaches (1) a search of L.A. Superior Court dockets that has no active case (ECF 9-1 at 5); (2) a declaration from a member of Petitioner's legal team, which indicates that she confirmed with the Los Angeles District Attorney that that office declined to press charges. (ECF 9-1 at 2-3.)

Page **2** of **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM                    **Date:**   July 20, 2026

**Title:**       *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

=====================================================================

Respondents filed their Answer and Petitioner his Reply (ECF 8, 9.) The matter is thus fully briefed and ready for decision.

## II.    Analysis

Petitioner argues that his detention violates due process and asks for release. (Pet. ¶¶ 67-72, and at 34.) After review of the relevant authority, the Court agrees and thus grants his Petition.

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The protection afforded by the Due Process Clause runs to citizens and noncitizens alike. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)) (cleaned up) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."). Evaluating the contours of Petitioner's due process rights proceeds in two steps: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### 1.    *Protected liberty interest*

On the first point, the Court finds that Petitioner has a protected liberty interest in remaining at liberty in the community absent sufficient justification for his re-detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM                               **Date:**  July 20, 2026

**Title:**        *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

========================================================================

Conditional release from physical restraint may give rise to a protected liberty interest. *Young v. Harper*, 520 U.S. 143, 147-49 (1997). Once an individual is granted conditional release, therefore, he may have a protected liberty interest in remaining in the community—and an attendant right to procedural protections before that liberty is revoked. *See id.* (due process requires pre-deprivation hearing before revocation of pre-parole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context). In deciding whether a specific form of conditional release gives rise to a protected liberty interest, courts compare the form of conditional release at issue with the parolee's liberty interest as described in *Morrissey v. Brewer*, a seminal case in this area. *See González-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In *Morrissey*, the Supreme Court explained that parole enables a parolee "to do a wide range of things" available to individuals who have never been convicted of any crime—to live at home, work, be with his friends and family, and "form the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," including monitoring and requiring authorization to work and travel, the parolee's "condition is very different from that of confinement in a prison." *Id.* Moreover, a parolee "relie[s] on at least an implicit promise that parole will be revoked only if she fails to live up to the parole conditions." *Id.* The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in his continued liberty. *Id.* at 481-84.

Petitioner was granted release on his own recognizance pending completion of his removal proceedings. His release was an implicit promise that he would be able to stay in the community for the duration of his

Page 4 of **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM                                **Date:**  July 20, 2026

**Title:**          *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

========================================================================

administrative proceedings so long as he complied with the conditions of his release. His conditional release permitted him to live in the community and work, which he has done since his release. (Pet. ¶¶ 6, 10.) The Court thus easily concludes—as have many courts in this Circuit—that once Petitioner was released on bond, he gained a protected liberty interest in remaining out of custody. *E.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody"); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (finding that "the government's decision to release an individual [from immigration custody] creates an implicit promise that the individual's liberty will be revoked only if they fail to abide by the conditions of their release") (cleaned up); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond.").

    2.    *Process owed in connection with re-detention*

Given that Petitioner has a protected liberty interest in his conditional release, the question is what process he is owed before the government would take that liberty interest away. Petitioner claims that due process required process *before* he was taken into custody. (Pet. ¶ 71.) He thus argues that the appropriate habeas remedy is for him to be released back to the community. (Pet. at 34.) The Court agrees.

To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189,

Page **5** of **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM          **Date:**  July 20, 2026

**Title:**        *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

===================================================================

1206-07 (9th Cir. 2022) (assuming, without deciding, that *Mathews v. Eldridge* applies in immigration detention context, and collecting authority applying *Mathews* to immigration detention). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. Each of the three *Mathews* factors supports Petitioner's constitutional right to process *before* he was re-detained.

As to the first factor, and as set out in the prior section, the liberty interest at stake here is significant. Petitioner has a substantial interest in remaining in his home, living with his family, working, and maintaining his relationships in the community. *See Ortega*, 415 F. Supp. 3d at 970 (holding that petitioner had a substantial liberty interest where he had been released from custody for 18 months and was living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community).

Turning to the second *Mathews* factor, there is a significant risk that the government will erroneously deprive Petitioner of that liberty interest if it does not provide him with pre-deprivation process. The crux of due process "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM         **Date:**  July 20, 2026

**Title:**      *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

====================================================================

545, 552 (1965)) And where a petitioner has not received any custody hearing or other process in connection with the revocation of his parole, "the risk of an erroneous deprivation [of liberty] is high." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (cleaned up).

Indeed, Respondents have not identified any process in place to ensure that individuals in Petitioner's position are not detained improperly. Civil immigration detention is constitutionally permissible only to prevent flight or protect against danger to the community. *See Zadvydas*, 533 U.S. at 690. Evaluation of the appropriateness of detention under § 1226(a) is keyed to those same two factors. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). It was those factors that were necessarily found when Petitioner was initially released. (Pet. ¶¶ 3-4, 7, 11-12, 53); *see Noori v. LaRose*, 807 F. Supp. 3d 1146, 1167 (S.D. Cal. 2025) ("In general, '[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'"); *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted) (a petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk"). And once he was released, he had a liberty interest "in remaining at liberty unless [he] no longer meets those criteria." *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *13 (E.D. Cal. Sept. 5, 2025) (cleaned up). Respondents have not shown that anyone, let alone a neutral decisionmaker, has considered whether there is any changed circumstance that warrants Petitioner's re-detention, or that there was any process in place to make such a finding.

Though Respondents did not address the *Mathews v. Eldridge* analysis directly, it appears Respondents' defense is that Petitioner is subject to mandatory detention under the Laken Riley Act and that any additional process would therefore be wasted effort. (ECF 8 at 2; *see also* ECF 8-1 at 3 (I-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM          **Date:**  July 20, 2026

**Title:**       *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

========================================================================

213 indicating that Petitioner "will remain in ERO custody pending his removal").) They are wrong, however, about their underlying premise: Petitioner's arrest does not subject him to mandatory detention.

The Laken Riley Act makes detention mandatory for an individual who "is arrested for . . . theft." 8 U.S.C. § 1226(c)(1)(E)(ii). Section 1226(c)(3) instructs authorities to "effectively and expeditiously take custody" of any noncitizen described in paragraph (1)(E) if the individual is not already in the federal, state, or local custody. But Petitioner is not subject to mandatory detention because he "is" neither charged with or arrested for burglary.

Courts are required to pay close attention to verb tense when interpreting statutes. *See Stanley v. City of Sanford*, 145 S. Ct. 2058, 2063 (2025) ("To ascertain a statute's temporal reach, this Court has frequently looked to Congress' choice of verb tense.") (cleaned up); *see also United States v. Wilson*, 503 U.S. 329, 333 (1992) ("Congress' use of a verb tense is significant in construing statutes"). And the Laken Riley Act's use of the present tense is conspicuous: it extends mandatory detention to one who "is" arrested and "is" charged. Petitioner *was* arrested for grand theft. But because he was released, and no charges bought, it would not be natural to say that he "is arrested" for the crime of grand theft. To the contrary, the statute's language is most appropriately read to mean that detention was mandatory only so long as Petitioner was under arrest—except to the extent that those charges were resolved in a way that triggered one of the other clauses of the statute. As a matter of statutory interpretation, then, Petitioner is not subject to mandatory detention. *See Matute v. Jamison*, No. 2:25-cv-07093, 2026 WL 461557, at * 5 (E.D. Pa. Feb. 18, 2026) (citations omitted) (interpreting the LRA's use of the present to mean that it did not include one who was "arrested years ago, even if that arrest never manifested in indictment, because 'the present tense

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM              **Date:**  July 20, 2026

**Title:**        *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

====================================================================

generally does not include the past.'") (quoting *Carr v. United States*, 560 U.S. 438, 448 (2010)); *Hairo v. Crawford*, No. 2:25cv704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (relying on present tense construction to find that a petitioner was no longer covered by the Laken Riley Act, once his criminal charges were dismissed); *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *5-6 (S.D. Iowa Sep. 30, 2025) ("Under common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person 'is charged with' that crime, present tense.").

Reading the Laken Riley Act to exclude individuals like this Petitioner also avoids superfluity, one of the "most basic interpretive canons" of statutory interpretation. *Corley v. United States*, 556 U.S. 303, 314 (2009). In addition to the provisions covering those arrested or charged with a crime, § 1226(c)(1)(E)(ii) makes detention mandatory for a person who "is convicted of" an enumerated offense. A person cannot be "convicted" of an offense without first being "charged" with it. There would thus be no reason to separately cover those "convicted of" a crime unless "is charged with" is temporally limited—*every person* convicted of an offense was also charged with it. In other words, a contrary interpretation would not merely create some overlap between the two provisions; the provision would be "entirely superfluous in all but the most unusual circumstances." *TRW Inc. v. Andrews*, 534 U.S. 19, 29 (2001). It is relevant, too, that "is charged with" and "is convicted of" were added to the statute at the same time, because "the canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 386 (2013); *see also Rueda Torres v. Francis,* No. 25-cv-8408, 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) (rejecting the respondents' "interpretation that requires mandatory detention following any arrest or charge no matter the ultimate

Page **9** of **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   5:26-cv-03805-BFM                    Date:  July 20, 2026

Title:       *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

============================================================

disposition of those charges"; such a reading "would make the words 'is convicted of' superfluous, as no Defendant could possibly proceed to a conviction without first being charged") (cleaned up).

This common-sense interpretation of § 1226(c)(1)(E)(ii) is also reinforced by the structure of the provision. Section 1226(c)(1)(E)(ii) makes detention mandatory in five circumstances: (1) "is charged with"; (2) "is arrested for"; (3) "is convicted of"; (4) "admits having committed; and (5) "admits committing acts which constitute the essential elements of." These categories track the progression of a criminal case. Criminal cases start either with the filing of charges ("is charged with") or the arrest of a person ("is arrested for") pending the filing of such charges. Either way, section 1226(c)(1)(E)(ii) compels the Attorney General to take the individual into custody. At some point, however, all charges are resolved. When charges are resolved through a conviction, the "is convicted of" provision captures those offenses. The rest of § 1226(c)(1)(E)(ii) recognizes that charges can be resolved in other ways, too. A person might enter a diversion agreement conditioned on admitting the underlying conduct. Detention remains mandatory in those scenarios because the statute includes "admits having committed" the offense. In other instances, plea negotiations may result in a conviction for a different crime than the one originally charged. Under those circumstances, § 1226(c)(1)(E)(ii) makes detention mandatory where a person "admits committing acts which constitute the essential elements of [an enumerated offense]," even if the person pleaded guilty to a different offense.

As explained by a sister court,

The point is that § 1226(c)(1)(E)(ii) recognizes that a person "is charged with" a crime (present tense) only until those charges are

Page **10** of **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM          **Date:** July 20, 2026

**Title:**      *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

========================================================================

resolved. If the resolution is a conviction ("is convicted of") or involves the person making some other admission of guilt ("admits having committed" or "admits committing acts which constitute the essential elements of"), then § 1226(c)(1)(E)(ii) applies. The use of the present tense for each stage of the criminal process means that detention is not mandatory once charges are resolved via acquittal or dismissal.

*Helbrum*, 2025 WL 2840273, at *6.

Finally, though the Court does not read this language to be ambiguous, to the extent there were ambiguity, the Court's reading of § 1226(c) avoids serious constitutional questions that would be raised by an interpretation that required detention of individuals like Petitioner. *Prison Legal News v. Ryan*, 39 F.4th 1121, 1131 (9th Cir. 2022) (where a statute is ambiguous, and an otherwise acceptable construction of the statute would raise serious constitutional problems, a court should prefer the construction that avoids such problems). Serious due process concerns may be raised by a statute that would require detention where an individual was arrested or charged with an offense, even those charges were later dropped, conceded to be unfounded, or where the noncitizen was acquitted of the charges. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court sanctioned a different section of § 1226(c), which mandates detention of a class of individuals based on certain criminal convictions. *Demore* noted that the individuals whose cases were before the Court had enjoyed "the full procedural protections our criminal justice system offers." *Id.* at 513-14. It went on to emphasize that Congress held hearings and made findings, backed by statistics, showing that individuals with criminal convictions were, as a group, less likely to appear for immigration proceedings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM                **Date:**  July 20, 2026

**Title:**      *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

======================================================================

and more likely to be arrested before their removal could be accomplished. *Id.*
at 518-19.

In the legislative history of the Laken Riley Act, there is rhetoric and
anecdote offered by individual senators but no findings, akin to those
referenced in *Demore*, that mere arrests or dismissed charges correlate with
either nonappearance or dangerousness. As such, several sister courts have
found that detention without any consideration of individualized
circumstances and based solely on an unsustained charge or an arrest, is not
consistent with due process. *See Doe v. Moniz*, 800 F. Supp. 3d 203, 216-17 (D.
Mass. 2025); *Vega v. Arnott*, No. 6:26-CV-3097-MDH, 2026 WL 482906, at *5
(W.D. Mo. Feb. 20, 2026); *Brandon Y. M. v. Andrews*, No. 1:25-CV-01962-SKO
(HC), 2026 WL 125234, at *3 (E.D. Cal. Jan. 16, 2026) ("The Court further finds
serious constitutional concerns would be presented if the LRA encompassed
Petitioner's arrest and subsequent release without the filing of a formal
accusatory pleading."). This Court need not reach that question; it notes only
that a reading that excludes those whose charges are dismissed avoids serious
constitutional questions. *E.C. v. Noem,* No. 2:25-cv-1789, 2025 WL 2916264, at
*11 (D. Nev. Oct. 14, 2025) (applying the doctrine of constitutional avoidance
to conclude that § 1226(c)(1)(E)(ii) cannot be read to apply to a person who was
acquitted of the relevant charges).

In short, because Petitioner *is* neither arrested nor charged with grand
theft, he is not subject to mandatory detention under § 1226(c)(1)(E). The Court
thus rejects Respondents' primary argument against the release that he seeks.
Beyond that, this discussion shows, in a very real way, the need for process in
the parole revocation process. Petitioner has been in custody for almost two
months based on the decision of a deportation officer that he should be held in
detention, without a bond hearing, until the end of his proceedings. (ECF 8-1

Page **12** of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM                    **Date:**  July 20, 2026

**Title:**        *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

================================================================

at 3.) That I-213 was buried in Petitioner's immigration file, and nothing indicates that Petitioner received notice of the reason for his detention, let alone an opportunity to respond. But for Petitioner filing this habeas petition, the deportation officer's erroneous reliance on the Lakin Riley Act would never have been uncovered. Due process requires much, much more.

Finally, Respondents have not articulated any countervailing government interest—the third and final *Mathews* factor—that supports providing this process only after Petitioner's parole has been revoked. Due process "usually" requires a hearing *before* the State deprives a person of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Exceptions to that general rule are appropriate where quick action is necessary or where it is impractical to impossible to provide pre-deprivation process. *Id.* at 128. But neither of those exceptions appears to apply here.

In short, "[i]f the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing [or other procedure] is low." *Ortega*, 415 F. Supp. 3d at 970; *see also Morrissey*, 408 U.S. at 483 (noting that "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial[,] . . . [y]et, the State has no interest in revoking parole without some informal procedural guarantees"). Because each of the *Mathews* factors favors Petitioner's bid for pre-deprivation process, the Court finds that Petitioner's detention—which was accompanied by *no* process—violates the Due Process Clause.

## III.   Appropriate Remedy

As has been found in countless similar cases in this Circuit, the appropriate remedy in such cases is to order Petitioner placed in the position

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM          **Date:**  July 20, 2026

**Title:**        *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

=====================================================================

he would have been absent the due process violation—that is, he should be released from custody on the conditions that were initially imposed. *E.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (granting such relief); *Jasbin v. Warden*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *4 (S.D. Cal. Feb. 9, 2026) (ordering release due to due process violation despite government's argument that petitioner was only entitled to bond hearing as Maldonado Bautista class member); *Prior v. Chestnut*, No. 1:25-CV-01131-JLT-EPG-HC, 2026 WL 309560, at *9 (E.D. Cal. Feb. 5, 2026) (recommending immediate release as appropriate remedy for due process violation).

## IV.   Conclusion

Accordingly, Claim Two in the Petition (Pet. ¶¶ 67-72) is granted. Petitioner Rodolfo Jose Duran Martinez (A# 240-260-667) is ordered immediately released on the conditions previously imposed. Any property confiscated during his arrest shall be returned to him. The remaining Claims in the Petition are denied as moot in light of the relief granted on Claim Two.

The Court declines to enter the specific future injunctive relief sought (Pet. at 34-35); the process provided in this case is inadequate but the Court is not inclined to dictate the procedure that would comply with due process with the level of specificity requested.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03805-BFM                              **Date:**  July 20, 2026

**Title:**      *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*

========================================================================

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:      ch